UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
FATEHA KAMAL,                                    :
                                                 :
                         Plaintiff,              :          **REPORT AND**
                                                 :          **RECOMMENDATION**
              -against-                          :
                                                 :          23 Civ. 3182 (LDH) (VMS)
COMMISSIONER OF SOCIAL SECURITY,                 :
                                                 :
                         Defendant.              :
----------------------------------------------------------------- x

**Vera M. Scanlon, Chief United States Magistrate Judge:**

Plaintiff Fateha Kamal brought this action seeking the review and reversal of the Social Security Administration's (the "SSA") denial of her application for Social Security Disability ("SSD") benefits under Title II of the Social Security Act, with an onset of disability date of April 1, 2002 (the "Application"). See Compl., ECF No. 1; see also Admin. Tr. at 72-73, ECF No. 9. A final decision in Plaintiff's favor was entered by the SSA Appeals Council on May 21, 2025. See Aff. of Lewis Insler ("Atty. Aff.") ¶ 3, ECF No. 16; see Notice of Change in Benefits ("Benefits Notice"), ECF No. 16-2.

Before this Court, on referral from the District Court, is Plaintiff's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). "Motion," ECF No. 15. For the reasons set forth below, this Court respectfully recommends that the Motion be granted.

## I.   BACKGROUND

After receiving an adverse decision on her SSD benefits application, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on April 15, 2022. Compl. ¶ 2. After the ALJ found that Plaintiff was not disabled, she requested that an Appeals Council review the decision, which also rendered an adverse decision. Id.

Plaintiff retained counsel on April 10, 2023. Atty. Aff. ¶ 2; see also Retainer Agmt., ECF No. 16-1. On April 27, 2023, Plaintiff timely commenced this action. See Compl.

1

On June 13, 2023, the Court directed Defendant to file the administrative record then to move for judgment on the pleadings.  See ECF No. 7.  After the administrative transcript was filed, see ECF No. 9, on October 19, 2023, the parties jointly moved to remand this action to the Social Security Administration, see ECF No. 10.  The case was remanded on October 23, 2023.  See ECF No. 11.

On November 27, 2023, the parties stipulated to an award of attorneys' fees to Plaintiff, pursuant to the Equal Access to Justice Act ("EAJA"), in the amount of $1,331.33, ECF No. 13, which the Court entered, ECF No. 14.

By Notice of Award dated May 21, 2025, the SSA notified Plaintiff that she would receive a lump sum award for past-due SSD benefits in the amount of $78,855, as well as future monthly checks of $1,723.  Benefits Notice at 1.

On May 28, 2025, Plaintiff timely filed the Motion.  Defendant responded to the Motion on June 11, 2025, "Response," ECF No. 19.[1]

A hearing on the Motion was held on December 12, 2025.  See Tr. 12/12/2025 Conf., ECF No. 22.

## II.    DISCUSSION

### A.  Legal Standard

In connection with SSD benefits, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]"

---

[1] Defendant "neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b)" because "the Commissioner has no direct financial stake in the outcome" of the Motion.  Response at 1.

42 U.S.C. § 406(b)(1)(A).  Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (footnote omitted).

"The effect of the provision, which was originally passed in 1965, is threefold: it fixes a maximum percentage for contingent fees of twenty-five percent; it permits recovery of such fees only out of past due benefits; and it requires court approval for whatever amount of such fees should be paid."  Fields v. Kijakazi, 24 F.4th 845, 852 (2d Cir. 2022) (internal quotation & alterations omitted).  "When considering a fee application under section 406(b), 'a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations.'"  Yamile B. S. v. Comm'r of Soc. Sec. Admin., No. 19 Civ. 155 (SALM), 2022 WL 1115099, at *2 (D. Conn. Apr. 14, 2022) (finding the terms of plaintiff's counsel's retainer agreement to be reasonable where the agreement provided that counsel's attorneys' fees would amount to no more than 25% of the plaintiff's past-due SSD benefits) (citing & quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)); see Fields, 24 F.4th at 852-53 (holding that a district court may reduce the amount called for by the contingency fee agreement only when it finds the amount to be unreasonable).

"When determining the reasonableness of a fee sought pursuant to section 406(b), the Court considers the following factors: '(1) whether the requested fee is out of line with the 'character of the representation and the results the representation achieved;' (2) whether the

3

attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether 'the benefits awarded are large in comparison to the amount of the time counsel spent on the case.'" Yamile B. S., 2022 WL 1115099, at *2 (citing & quoting Sama v. Colvin, No. 10 Civ. 1268 (VLB) (TPS), 2014 WL 2921661, at *2 (D. Conn. June 25, 2014)); see Virgil v. Comm'r of Soc. Sec., No. 19 Civ. 1473 (PKC), 2022 WL 203675, at *2 (E.D.N.Y. Jan. 24, 2022) (same). "In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371.

### B. Analysis

#### 1. Counsel's Requested Attorneys' Fees Are Reasonable

Plaintiff's counsel seeks $4,000, which is less than 25% of Plaintiff's past-due benefits award and is consistent with the agreement between Plaintiff and her counsel, see Retainer ¶ 1.[2] As part of the Motion, counsel filed a contemporaneous record of the attorney hours expended on this matter, a total of 8.39. See Atty. Hrs., ECF No. 16-3. Counsel's request, therefore, represents a de facto hourly rate of $476.76.

Applying the Second Circuit's four factors to determine the reasonableness of the attorneys' fees sought by Plaintiff's counsel, see Fields, 24 F.4th at 854-55, the Court finds that there is no evidence that the proposed fees are out of line with the "character of the representation and the results the representation achieved." Sama, 2014 WL 2921661, at *2; see Yamile B. S., 2022 WL 1115099, at *2.

---

[2] Plaintiff states that her "administrative counsel Crysti Farra . . . will petition for administrative fees of $9,200 for work performed before the Social Security Administration." Pl. Mem. ¶ 4, ECF No. 17. During oral argument, counsel stated that this was included in the Motion "only to show that the total of [the two requests for fees] does not exceed the twenty-five percent that is withheld for possible attorney fees" and does not affect the fees requested in the Motion. Tr. 12/12/2025 Conf. 3:21-24.

First, counsel achieved a very favorable result for Plaintiff by helping her obtain past-due SSD benefits from the original date on which Plaintiff alleged becoming disabled, which likely would not have been possible without counsel's efforts before the Court. See Yamile B. S., 2022 WL 1115099, at *2. Plaintiff recovered significant benefits in a relatively short period of approximately two years.

Second, a review of Plaintiff's counsel's time records shows that he efficiently and effectively litigated this action, particularly by securing a stipulated remand to the Social Security Administration. See Atty. Hrs. Nothing in the time records or in the parties' respective submissions suggests that counsel was "responsible for undue delay," Fields, 24 F.4th at 849, of the proceedings to increase the accumulation of benefits and increase his fee. See Atty. Hrs. Time entries for work performed include such tasks as reviewing Plaintiff's transcript, communicating with Plaintiff and opposing counsel, and preparing motion papers. See id. Counsel filed the Motion on May 28, 2025, after having received the Award Notice on May 26, 2025, see Atty. Aff. ¶ 2, "thereby demonstrating diligence and avoiding any delay that might have inflated the past-due amount." Meyer v. Acting Comm'r of Soc. Sec., No. 22 Civ. 5582 (LDH) (JMW), 2025 WL 2879978, at *3 (E.D.N.Y. Oct. 9, 2025).

Third, nothing in the record leads the Court to find that "there was fraud or overreaching in the making of the contingency arrangement," Fields, 24 F.4th at 849, between Plaintiff and her counsel pursuant to the Retainer.

The Court must assess whether the requested fee of $4,000, which corresponds to an hourly rate of $476.76 for 8.39 hours of work, constitutes a "windfall" to counsel. Courts in this Circuit evaluate four factors to determine whether a fee would be a "windfall": (1) "the ability and expertise of the lawyers" and whether counsel was particularly efficient, accomplishing in a

5

short time what less specialized lawyers might take longer to do; (2) "the nature and length of the professional relationship" with the claimant, including any representation at the agency level; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve the result." Meyer, 2025 WL 2879978, at *4 (quoting Fields, 24 F.4th at 854-55)).

The Court first considers level of experience of Plaintiff's counsel, Lewis Insler, Esq. Counsel states that he has "practice[d] exclusively to Social Security matters at the District Court level for the past ten years and has handled over 400 such matters in his career." Atty. Aff. ¶ 8. Courts in this Circuit have granted Mr. Insler's requests for attorneys' fees for his successful representation of plaintiffs in Social Security cases. See, e.g., Hernandez v. Bisignano, No. 23 Civ. 8589 (VR), 2025 WL 2642635, at *3 (S.D.N.Y. Sept. 15, 2025) (awarding Mr. Insler $13,632 in fees, which represented 9.2% of plaintiff's past-due benefits and an effective hourly rate of $432.49); Barnes v. Kijakazi, No. 23 Civ. 7986 (SLC), 2024 WL 4986943, at *2 (S.D.N.Y. Dec. 5, 2024) (awarding Mr. Insler attorneys' fees in the amount of $7,600, "far less" than 25% of plaintiff's past-due benefits, at an effective hourly rate of $536.72); Muller v. Comm'r of Soc. Sec., No. 19 Civ. 875 (FB), 2021 WL 5084004, at *1 (E.D.N.Y. Nov. 2, 2021) (awarding Mr. Insler 25% of plaintiff's past-due benefits, a total of $8,743.50, at an effective hourly rate of $255.21).

Second, as to the nature and length of the professional relationship, Plaintiff retained counsel on April 10, 2023, see Retainer, and counsel has represented Plaintiff throughout these proceedings and in collaboration with her counsel at the agency proceedings. See Atty. Aff. ¶¶ 3-4. "This multi-year professional relationship weighs in favor of approving the contingency fee,

6

as it demonstrates continuity of representation and sustained advocacy across both the agency and federal levels." Meyer, 2025 WL 2879978, at *5 (E.D.N.Y. Oct. 9, 2025).

Third, with respect to the "satisfaction of the disabled claimant," id., the Court notes that counsel obtained the desired result which allowed Plaintiff to recover substantial past benefits and future benefits. Although Plaintiff has not submitted an affidavit regarding counsel's petition for fees, this does not suggest dissatisfaction. See Schmidt v. Comm'r of Soc. Sec. Admin., No. 20 Civ. 3594 (KAM), 2025 WL 2689478, at *4 (E.D.N.Y. Sept. 19, 2025). The Court otherwise finds no evidence in the record that Plaintiff was dissatisfied with counsel's representation.

With respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," Fields, 24 F.4th at 855, the Court notes that Plaintiff's claim was rejected twice before the Complaint was filed, see ECF No. 9, and another hearing was required before a fully favorable decision was reached, see Atty. Aff. ¶ 3. "A windfall is more likely to be present in a case, unlike this one, where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery." Finnegan v. Comm'r of Soc. Sec., No. 21 Civ. 2070 (PKC), 2024 WL 4494088, at *4 (E.D.N.Y. Oct. 15, 2024) (quoting Fields, 24 F.4th at 855)).

Considering the above factors, the Court does not find that the requested amount of attorneys' fees constitutes a windfall and concludes that counsel's requested fees are reasonable.

### 2. Offset of the EAJA Award

As discussed above, counsel has already received an EAJA attorneys' fee award of $1,331.33. See Atty. Aff. ¶ 5; ECF No. 14. An attorney cannot recover fees under both EAJA and § 406(d) and must instead "refund the claimant the amount of the smaller fee." Finnegan, 2024 WL 4494088, at *3.

Accordingly, counsel should be directed to promptly refund to Plaintiff the EAJA fees received, in the amount of $1,331.33, upon receiving a § 406(b) award.[3]

## III.    CONCLUSION

For the reasons set forth above, this Court respectfully recommends that the Motion be granted, counsel be awarded $4,000, and counsel be directed to promptly refund to Plaintiff the amount of EAJA fees received, $1,331.33.

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any request for an extension of time for filing objections must be directed to the District Judge prior to the expiration of the fourteen-day objection period.  Failure to timely file objections will preclude further review of this report and recommendation either by the District Court or the Court of Appeals.  See Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022).  Any party who wishes to waive any portion of the fourteen-day objection period should promptly notify the District Judge in writing.

Dated: Brooklyn, New York
         January 8, 2026

_Vera M. Scanlon_
         VERA M. SCANLON
         United States Magistrate Judge

---

[3] During oral argument, counsel stated that, if the Motion is granted, he would return to Plaintiff amount of the EAJA award.  See Tr. 12/12/2025 Conf. 3:3-6.